12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edwin R. SCOTT, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director, Michigan Department of
Corrections; Joseph Abramajtys, Warden, E.C. Brooks
Regional Correctional Facility; Shirley McCartney,
Librarian, E.C. Brooks Regional Correctional Facility;
Chris Simpson, Classification Director, E.C. Brooks Regional
Correctional Facility, Defendants-Appellees.
 No. 93-1576.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Edwin R. Scott, pro se, appeals a district court grant of summary judgment in favor of the defendants in this civil rights complaint filed under 42 U.S.C. Sec. 1983. The defendants include the Director of the Michigan Department of Corrections, the warden of the Brooks Regional Facility (BRF) in Muskegon, Michigan, a librarian at that facility and the current Classification Director at BRF.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Scott alleged that the defendants' actions, policies and regulations effectively denied him adequate access to the law library in order for him to obtain meaningful access to the courts, in violation of his First Amendment rights. Specifically, Scott alleged that, in October of 1990, he made a request for additional library time in anticipation of a dispositive motion being filed by the opposing party in a legal malpractice lawsuit that he had filed in state court. Because Scott worked in food service at the facility between 8:00 A.M. and 4:30 P.M., Monday through Friday, there were fewer hours available to him for using the library. A prison policy of disallowing "Level III" inmates to use the library at the same time as the "Level IV" inmates placed an additional de facto restriction on Scott's available library time. Because of this particular policy, the chief law librarian, defendant McCartney, refused Scott entrance to the law library on October 17, 1990. Defendant McCartney has filed an affidavit in which she stated that she then issued Scott a detail for weekends and Wednesday evenings, when Level IV prisoners could use the law library.
 
 
 5
 Scott alleges that, because defendant McCarthy refused his entrance to the library, he did not have adequate or meaningful time to fully research the cases contained within his adversary's dispositive motion and was forced to "hurriedly" mail his reply to the motion, on October 18, 1990. The motion was not filed in the state court until the date set for hearing and, therefore, was not considered before the state court dismissed his suit, on October 24, 1990. Scott's complaint is that, because of the defendants' actions and policies, he was prejudiced in his ability to reach the state courts with an adequate response in a timely manner. On appeal, Scott argues that there exists a genuine issue of material fact preventing the grant of summary judgment, because he was denied total access to the law library from October 7, 1990, through October 21, 1990, rather than being denied adequate access, as the district court construed his allegation in its opinion.
 
 
 6
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 It is well-established that prison officials must protect inmates' fundamental constitutional right of access to the courts by providing them with either adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977); Martucci v. Johnson, 944 F.2d 291, 295 (6th Cir.1991). However, this court has recognized that this right of access guarantees access to the courts and not necessarily access to a prison law library. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 The prison policy disallowing simultaneous use of the law library by Level III and Level IV prisoners is reasonable in time, place, and manner, considering that it was implemented to avoid a security risk to the institution and to provide equal library time to both levels of inmates. Because this court must give wide-ranging deference to prison officials in the execution of policies and practices needed to preserve internal order in a prison institution, this policy, as applied to Scott, passes constitutional muster. Bell v. Wolfish, 441 U.S. 520, 527 (1979); Walker, 771 F.2d at 932.
 
 
 9
 Although Scott has revised his original allegation to state that he was denied total access to the law library rather than being denied adequate access, the record and affidavits submitted by the defendants reveal that this is simply not true. It appears that any restriction on Scott's library time was by his own choice to devote his time and energy to his prison job, rather than to devote this time to legal research in furtherance of his state law suit against his appellate counsel. Moreover, Scott made no attempt to request an extension of time to file his response to the dispositive motion filed by the defendants in the state court. The delayed filing in state court cannot be blamed upon the defendants' policy of requiring Scott to use the law library only during specified hours for Level IV prisoners.
 
 
 10
 Accordingly, the district court's grant of summary judgment to the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation